UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BIGHORN CAPITAL, INC.,<br><br>            Plaintiff,<br><br>        vs.<br><br>SECURITY NATIONAL GUARANTY,<br>INC., AND DOES 1 through 10,<br><br>            Defendants.<br><hr>AND RELATED COUNTERCLAIM. | Case No:  C 15-03083 SBA<br><br>**ORDER GRANTING PLAINTIFF'S<br>MOTION TO DISMISS<br>DEFENDANT'S COUNTERCLAIM;<br>AND DENYING WITHOUT<br>PREJUDICE DEFENDANT'S RULE<br>11 MOTION FOR SANCTIONS** |

        The instant action arises out of a failed attempted joint venture between Plaintiff Bighorn Capital, Inc. ("Bighorn") and Defendant Security National Guaranty, Inc. ("SNG") to develop an eco-resort on approximately 40 acres of land located in Sand City, the Monterey Peninsula, California, Assessor Parcel Number 011-501-014 (the "Property"). Bighorn filed the instant breach of contract action against SNG, and recorded a lis pendens on the Property.  SNG successfully moved to expunge the lis pendens, and thereafter filed a counterclaim against Bighorn for slander of title.

        The parties are presently before the Court on Bighorn's Motion to Dismiss SNG's Counterclaim, Dkt. 60, and SNG's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11, Dkt. 66.   Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Bighorn's motion to dismiss, and DENIES without prejudice SNG's motion for sanctions.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. Proc. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.   BACKGROUND

### A.   FACTUAL BACKGROUND

The parties are familiar with the facts of this case, which are summarized herein only to the extent they are relevant to the instant motions.  In brief, SNG is the owner and developer of the Property, on which it plans to build the Monterey Bay Shores Eco-Resort, a mixed-use hotel, condominium, and residential luxury development (the "Project").  In order to meet prior financial obligations and continue funding the Project, SNG began negotiations for a loan from Bighorn, a finance company.

On or about April 10, 2015, Bighorn presented a proposed financing deal.  On April 17, Bighorn and SNG agreed to the general terms of a financing agreement, memorialized in a term sheet (the "Term Sheet").  In pertinent part, the Term Sheet provides that Bighorn was to fund a loan, secured by the Property, for approximately $75 million or another "acceptable" amount.  Additionally, SNG and Bighorn were to form an LLC to own, develop, and operate the Project, with Bighorn and/or its assigns to hold a 50% interest in the LLC.  Bighorn's obligation to fund the loans was "subject to the negotiation, execution and delivery" of various documents.  Additionally, the Term Sheet provides: "[I]f this transaction is not funded within 45 days of execution hereof, this Term Sheet will become null and void unless mutually extended by both parties in writing."

After executing the Term Sheet, the parties failed to complete the loan transaction. The parties disagree as to the cause.  According to SNG, Bighorn failed to provide proof of its ability to fund the Project.  Ghandour Decl., ¶¶ 16-17, 20-22, Dkt. 13.  According to Bighorn, SNG failed to provide documents necessary to the completion of the loan.  Entler Decl., ¶¶ 11, 23, Dkt. 48.

### B.   PROCEDURAL BACKGROUND

Bighorn initiated the instant action on July 2, 2015, alleging causes of action for specific performance, breach of contract, anticipatory breach of contract, and breach of the implied covenant of good faith and fair dealing.  Dkt. 1.  Generally, Bighorn alleges that the Term Sheet constitutes a binding contract, which SNG breached by failing to furnish the

documents necessary to complete diligence and underwriting for the loan transactions.  On July 2, 2015, Bighorn also recorded and filed a Notice of Pendency of Action ("lis pendens") on the Property.  Dkt. 5.

On July 13, 2015, SNG filed a Motion to Expunge Lis Pendens on the ground that Bighorn could not demonstrate the probable validity of its real property claim.  Dkt. 9. SNG argued, among other things, that Bighorn's claim for specific performance failed because the Term Sheet is not an enforceable contract.  On August 20, 2015, the Court issued an Order Granting Defendant's Motion to Expunge Lis Pendens ("Order").  Dkt. 51. The Court ruled that Bighorn had not demonstrated the probable validity of its real property claim because the Term Sheet did not constitute a binding loan agreement.  Order at 9.

On September 8, 2015, SNG filed an Answer and Counterclaim, alleging a cause of action against Bighorn for slander of title.  Dkt. 54.  The counterclaim arises out of Bighorn's recordation of the lis pendens, which SNG alleges was recorded in "bad faith." Countercl. ¶ 106.  According to SNG, the lis pendens was "knowingly false because [Bighorn] never had a valid real property claim and there was never any contract formed between SNG and Bighorn."  Id. ¶ 110.

On October 2, 2015, Bighorn filed the instant Motion to Dismiss SNG's Counterclaim, arguing that California's litigation privilege bars SNG's claim for slander of title.  Dkt. 60.  On November 16, 2015, SNG filed the instant Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11.  As sanctions, SNG seeks the dismissal of the action and the recovery of its attorneys' fees incurred in defending this action.  Dkt. 66. The motions are fully briefed.

## II.   DISCUSSION

### A.   MOTION TO DISMISS

Bighorn moves to dismiss SNG's counterclaim for slander of title on the ground that California's litigation privilege serves as a complete bar to liability.

1

2

3   **1.      Legal Standard**

4        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal

5   sufficiency of a claim."  <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal

6   under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory

7   or (2) fails to allege sufficient facts to support a cognizable legal theory."  <u>Somers v. Apple,

8   Inc.</u>, 729 F.3d 953, 959 (9th Cir. 2013).  In assessing the sufficiency of the pleadings, the

9   court is to "accept all factual allegations in the complaint as true and construe the pleadings

10  in the light most favorable to the nonmoving party."  <u>Outdoor Media Group, Inc. v. City of

11  Beaumont</u>, 506 F.3d 895, 899-900 (9th Cir. 2007).  "To survive a motion to dismiss, a

12  complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

13  that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell

14  Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

15  **2.      The Litigation Privilege**

16       "'The litigation privilege, codified at Civil Code section 47, subdivision (b),

17  provides that a "publication or broadcast" made as part of a "judicial proceeding" is

18  privileged.  This privilege is absolute in nature, applying "to *all* publications, irrespective of

19  their maliciousness.'"  <u>Kenne v. Stennis</u>, 230 Cal. App. 4th 953, 964 (2014) (emphasis in

20  original) (quoting <u>Silberg v. Anderson</u>, 50 Cal. 3d 205, 216 (1990)).  Although the privilege

21  originally precluded liability only for defamation, it now extends "to virtually all torts

22  except malicious prosecution."  <u>Olszewski v. Scripps Health</u>, 30 Cal. 4th 798, 830 (2003).

23       "'The usual formation is that the privilege applies to any communication (1) made in

24  judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by

25  law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or

26  logical relation to the action.'"  <u>Keene</u>, 230 Cal. App. 4th at 964 (quoting <u>Silberg</u>, 50 Cal.

27  3d at 212).  "The privilege 'is not limited to statements made during a trial or other

28  proceedings, but may extend to steps taken prior thereto, or afterwards.' [Citations.]"  <u>Id.</u>

    "Thus, [California's] courts have extended the protections of the litigation privilege to 'the

recordation of a notice of lis pendens,'" among other communications.  <u>Olszewski</u>, 30 Cal.
4th at 831 (quoting <u>Albertson v. Raboff</u>, 46 Cal. 2d 375, 380-81 (1956)).

### 3.    Analysis

Bighorn contends that California's litigation privilege completely bars SNG's cause
of action for slander of title.  To recover for slander of title, a complainant must show (1) a
publication, (2) which is *without privilege* or justification, (3) which is false, and (4) which
causes direct and immediate pecuniary loss.  <u>La Jolla Group II v. Bruce</u>, 211 Cal. App. 4th
461, 472 (2012) (citing <u>Manhattan Loft, LLC v. Mercury Liquors, Inc.</u>, 173 Cal. App. 4th
1040, 1051 (2009)).  Bighorn argues that the publication at issue here--the lis pendens--is
absolutely privileged.  As discussed below, the Court agrees.

Pursuant to California Civil Code section 47(b)(4), a recorded lis pendens is a
privileged publication so long as it "identifies an action previously filed with a court of
competent jurisdiction" and (2) "affects the title or right to possession of real property."
<u>See also</u>, <u>La Jolla</u>, 211 Cal. App. 4th at 473 (citing <u>Alpha & Omega Development, LP v.</u>
<u>Whillock Contracting, Inc.</u>, 200 Cal. App. 4th 565, 665 (2011)).  The lis pendens filed by
Bighorn identified the instant action, which Bighorn had filed in a court of competent
jurisdiction.  <u>See</u> Notice of Pendency of Action at 1.  Additionally, by virtue of Bighorn's
claim for specific performance, this action affects title or the right to possession of the
Property.  <u>See</u> Order at 5, n.6 (noting that the parties *do not dispute* that Bighorn pleaded a
real property claim).  Accordingly, the litigation privilege shields the recordation of the lis
pendens, and bars SNG's claim for slander of title.

In reaching this conclusion, the Court rejects SNG's argument that the instant action
cannot affect title or possession because "the Term Sheet does not constitute a binding
contract, and therefore cannot serve as the basis for specific performance."  Opp'n at 6
(emphasis omitted).  Essentially, SNG reasons that this action does not present a real
property claim because such claim lacks merit.  SNG's argument misconstrues the nature of
the Court's inquiry in determining whether the lis pendens is privileged.  Under California
Civil Code section 47, there is no "'evidentiary merit' exception to the litigation

privilege . . . ." <u>La Jolla</u>, 211 Cal. App. 4th at 476-77 (rejecting a claim that the litigation privilege does not apply to the recording of a lis pendens when the underlying real property claim lacks merit) (quoting <u>Alpha & Omega</u>, 200 Cal. App. 4th at 666 (same)).  The existence of "a 'real property claim' is determined from the cause or causes of action set forth in the pleading(s)[,]" not "on the basis of the strength or weakness of the evidence to support that claim."  <u>Alpha & Omega</u>, 200 Cal. App. 4th at 667 (citing <u>Kirkeby v. Superior Court</u>, 33 Cal. 4th 642, 647-48 (2004)).  Simply stated, an action need only "assert a real property claim, which [Bighorn] clearly [does] here."  <u>La Jolla</u>, 211 Cal. App. 4th at 477; see also Cal. Code Civ. Proc. § 405.4 (defining a "real property claim" as a cause of action "which would, *if meritorious*, affect . . . title to, or the right to possession of, specific real property") (emphases added).

Accordingly, Bighorn's motion to dismiss SNG's counterclaim is GRANTED without leave to amend.  In light of the absolute privilege that shields recordation of the lis pendens, leave to amend would be futile.  <u>See</u> <u>Graham-Sult v. Clainos</u>, 756 F.3d 724, 747-48 (9th Cir. 2014) (holding that privileged communications are "absolutely immune from tort liability," and affirming the district court's decision to strike claims predicated on such communications); <u>Cervantes v. Countrywide Home Loans, Inc.</u>, 656 F.3d 1034, 1041 (9th Cir. 2011) (a district court may dismiss without leave where amendment would be futile).

**B.    MOTION FOR RULE 11 SANCTIONS**

Based upon the filing of the instant action, SNG moves for sanctions against Bighorn and its counsel pursuant to Federal Rule of Civil Procedure Rule 11.  Bighorn opposes the motion, and also requests an award of attorneys' fees and costs incurred in opposing the same.

**1.    Legal Standard**

Federal Rule of Civil Procedure 11 provides for the imposition of sanctions when a pleading, motion, or other paper is filed for an improper purpose or is frivolous.  <u>G.C. & K.B. Investments, Inc. v. Wilson</u>, 326 F.3d 1096, 1109 (9th Cir. 2003) (citing <u>Townsend v. Holman Consulting</u>, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc)).  "When as here, a

'complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it.'" Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (quoting Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th 2002)).  "As shorthand for this test, we use the word 'frivolous' to 'denote a filing that is *both* baseless *and* made without a reasonable and competent inquiry."  Id. (citation omitted).  If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. Proc. 11(c)(1).[1]

### 2.    Analysis

In moving for sanctions, SNG argues that Bighorn brought the instant action for an improper purpose and without a legal or factual basis for its claims.  Relying in large part on the Court's order expunging the lis pendens, SNG asserts that the Term Sheet does not constitute a binding contract and therefore cannot give rise to any contractual claims.  Mot. at 8-9.  Referring to the action as "[a]n act of pseudo-contractual piracy," SNG further asserts that Bighorn filed suit solely to place SNG under such distress that, given its already precarious financial situation, SNG would have no choice but to settle.  Mot. at 13.  SNG seeks dismissal of the action, an award of attorney's fees and costs, and an award of such additional monetary sanctions as the Court deems appropriate.

The Court finds that SNG's Rule 11 motion is premature.  "Courts should, and often do, defer consideration of certain kinds of sanctions motions until the end of trial to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the

---

[1]  A motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  Fed. R. Civ. Proc. 11(c)(2).  "We enforce this safe harbor provision strictly."  Holgate, 425 F.3d at 678.  Here, although Bighorn does not complain of non-compliance, the Court notes that SNG has not demonstrated compliance with the safe harbor requirement.

merits.  This is a sensible practice where the thrust of the sanctions motion is that institution of the case itself was improper."  <u>Lichtenstein v. Consol. Servs. Grp., Inc.</u>, 173 F.3d 17, 23 (1st Cir. 1999) (affirming the district court's decision to defer consideration of sanctions until conclusion of the bench trial); <u>see e.g.</u>, <u>In re New Motor Vehicles Canadian Exp. Antitrust Litig.</u>, 224 F.R.D. 70, 73-4 (D. Me. 2007) (deferring consideration of a sanctions motion); <u>Mitchel v. City of Santa Rosa</u>, 695 F. Supp. 2d 1001, 1013 (N.D. Cal. 2010) (same).[2]  "Although dismissal of baseless claims is theoretically available under Rule 11," a dispositive motion (e.g., for judgment on the pleadings) is a more appropriate vehicle to test the legal sufficiency of a cause or causes of action.  <u>In re New Motor Vehicles</u>, 244 F.R.D. at 74 (citing 5A Wright & Miller § 1336.3).

Here, SNG's Rule 11 motion in effect asks the Court to determine the legal sufficiency of Bighorn's four contractual claims.  According to SNG, the frivolity and impropriety of Bighorn's action is obvious in light of the expungement order, wherein the Court held that the Term Sheet does not constitute a binding contract.  <u>See</u> Order at 6-9.  The Court notes, however, that only one of Bighorn's causes of action, i.e., for specific performance, was at issue in the motion to expunge.  Furthermore, the Court did not dismiss Bighorn's specific performance claim, but ruled that Bighorn had not demonstrated the probable validity of that claim.  Thus, while the expungement order may indeed prefigure dismissal of the action, sanctions are not appropriate at this time.

The Court nonetheless notes that, although premature, SNG's arguments in support of sanctions appear to draw support from the expungement order.  Although Bighorn continues to claim that "the Term Sheet is a binding contract," Opp'n at 9, the Court found

---

[2]  <u>See also</u>, 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure ("Wright & Miller") § 1337.1 (3d ed. 2015) ("If the challenged conduct is the institution of the action itself . . . the question whether there has been a Rule 11 violation generally is not decided until after the litigation is completed, in order to avoid delaying the disposition of the merits of the case."); Advisory Committee Note to the 1983 Amendment to Rule 11, 97 F.R.D. 165, 200 ("The time when sanctions are to be imposed rests in the discretion of the trial judge.  However, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the ligation . . . .").

otherwise in ruling on the motion to expunge, see Order at 9.  If it ultimately appears that this action is frivolous, Bighorn's conduct (including perpetuation of the action in the face of the expungement order) may ultimately prove sanctionable.  The Court does not prejudge this matter, but notes that Bighorn's continued reliance upon First National Mortgage Company v. Federal Reality Investment Trust, 631 F.3d 1058 (9th Cir. 2011) is misplaced.  As Bighorn urges, "an agreement is not unenforceable merely because it is subject to the approval of a formal contract."  Id. at 1065.  In the present action, however, the issue is not whether an agreement was subject to formal approval, but whether the parties reached an agreement at all, given the absence or ambiguity of essential terms, the existence of contingencies, and the inclusion of a no-fault deadline.  See Order at 6-9.

Accordingly, SNG's motion for sanctions is DENIED without prejudice to renewal at a later stage in these proceedings.

### 3.    Bighorn's Request for Attorney's Fees

Bighorn requests an award of attorneys' fees and costs incurred in opposing the instant motion.  "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."  Fed. R. Civ. Proc. 11(c)(2).  Here, Bighorn asserts an award of costs is warranted because "SNG filed this motion in an attempt to compel the disclosure of Bighorn's privileged work product and to bully Bighorn into withdrawing their complaint prior to discovery."  Opp'n at 13.  Bighorn does not support either of these claims.  Furthermore, although SNG's motion is premature, the Court finds no indication that this motion was brought to "bully Bighorn," as opposed to merely attempting to impress upon Bighorn the perceived deficiency of its action.  Accordingly, Bighorn's request for an award of costs is DENIED.

## III.   <u>CONCLUSION</u>

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.    Bighorn's Motion to Dismiss SNG's Counterclaim is GRANTED without leave to amend.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2.     SNG's Motion for Sanctions is DENIED without prejudice to renewal at a later stage in these proceedings.

3.     Bighorn's request for attorney's fees and costs incurred in opposing SNG's motion for sanctions is DENIED.

This terminates Dockets 60 and 66.

IT IS SO ORDERED.

Dated:  12/29/15

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge